# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

DOMINIC PILGREEN,

    Plaintiff,

v.                                          Case No. 23-CV-715

JAMES MATHEWS, *et al.*,

    Defendants.

## ORDER

On March 5, 2024, defendants Jack Daily, Angela Fiscal, Captain Shallow, and Angela Wollenhaupt filed a motion for summary judgment on the grounds that *pro se* plaintiff Dominic Pilgreen failed to exhaust his administrative remedies. (ECF No. 28.) The court issued a Notice and Order on March 6, 2024, giving Pilgreen until April 5, 2024, to file a response. (ECF No. 33.)

The April 5, 2024, deadline has passed, and Pilgreen still has not filed a response. As such, the court will construe the defendant's motion for summary judgment on exhaustion grounds as unopposed. The court has reviewed the defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and concludes that the defendants are entitled to summary judgment on the ground that Pilgreen failed to exhaust his administrative remedies. Specifically, Pilgreen did not file a grievance concerning his claims in this lawsuit.

Accordingly, defendants Jack Daily, Angela Fiscal, Captain Shallow, and Angela Wollenhaupt's motion is granted. Because it is undisputed that Pilgreen did not exhaust any of his claims, the entire case will be dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020). Additionally, defendants' Whitney Anderson's and James Mathews's motion to compel (ECF No. 34) is denied as moot.

**IT IS THEREFORE ORDERED** that the defendants' motion for summary judgment on exhaustion grounds (ECF No. 28) is **GRANTED**.

**IT IS FURTHER ORDERED** that Anderson's and Mathews's motion to compel (ECF No. 34) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court

cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 14th day of May, 2024.

STEPHEN DRIES
United States Magistrate Judge